United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 30, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 04-40389
Conference Calendar

---

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

EMERITO ZELAYA-VASQUEZ

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:03-CR-328-1
--------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

　　We previously affirmed Emerito Zelaya-Vasquez's (Zelaya)
sentence.  United States v. Zelaya-Vasquez, No. 04-40389 (5th
Cir. Dec. 17, 2004).  The Supreme Court has vacated and remanded
for further consideration in light of United States v. Booker,
125 S. Ct. 738 (2005).  We requested and received supplemental
letter briefs addressing the impact of Booker.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Zelaya argues that the district court erred by sentencing him under a mandatory guidelines scheme.  He contends that the district court's error is not subject to plain error review because it is structural.  He also asserts, based on the nature of the error, that prejudice should be presumed.  Zelaya concedes that his structural error and presumed prejudice arguments are foreclosed and raises them simply to preserve further review.  See United States v. Malveaux, 411 F.3d 558, 561 n.9 (5th Cir. 2005), petition for cert. filed (July 11, 2005) (No. 05-5297).

Because Zelaya did not challenge the mandatory application of the sentencing guidelines before the district court, plain error review applies.  See United States v. Mares, 402 F.3d 511, 520-21 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517).  This court may correct forfeited errors only when the appellant shows the following factors:  (1) there is an error, (2) that is clear or obvious, and (3) that affects his substantial rights.  United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc) (citing United States v. Olano, 507 U.S. 725, 731-37 (1993)).  If these factors are established, the decision to correct the forfeited error is within the sound discretion of the court, and the court will not exercise that discretion unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.  Olano, 507 U.S. at 735-36.

To establish plain error under <u>Mares</u>, Zelaya must demonstrate that the district court would have reached a significantly different result had he been sentenced under advisory guidelines.  <u>See</u> <u>Mares</u>, 402 F.3d at 521.  As Zelaya concedes, he cannot make this showing.

<u>Booker</u> does not affect our prior holding on appeal that <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), has not been overruled.  Accordingly, the judgment of the district court is AFFIRMED.